| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Alan S. Wolf, Bar No. 94665    Phone (949) 720-9200<br>Daniel K. Fujimoto, Bar No. 158575    Fax (949) 608-0128<br><br>THE WOLF FIRM, A Law Corporation<br>38 Corporate Park<br>Irvine, CA  92606<br><br>☐ *Individual appearing without counsel*<br>☒ *Attorney for:* Movant | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br>Lian Khong Choong aka Thomas Tran dba CNB Services<br><br><br><br>                                                                Debtor(s). | CHAPTER: 7<br><br>CASE NO.: 2:08-bk-24818-BR<br><br>DATE: 4/28/09<br>TIME: 10:00 am<br>CTRM: 1668<br>FLOOR: 16th |
|---|---|

# NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## UNDER 11 U.S.C. § 362 (with supporting declarations)
**(MOVANT:** U.S. Bank National Association*                    **)**
**(Real Property)**

1. NOTICE IS HEREBY GIVEN to the Debtor(s) and Trustee (if any)("Responding Parties"), their attorneys (if any), and other interested parties that on the above date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting relief from the automatic stay as to Debtor(s) and Debtor's(s') bankruptcy estate on the grounds set forth in the attached Motion.

2. **Hearing Location:**  ☒ 255 East Temple Street, Los Angeles    ☐ 411 West Fourth Street, Santa Ana
   ☐ 21041 Burbank Boulevard, Woodland Hills    ☐ 1415 State Street, Santa Barbara
   ☐ 3420 Twelfth Street, Riverside

3. a. ☒ This Motion is being heard on REGULAR NOTICE pursuant to Local Bankruptcy Rule 9013-1.  If you wish to oppose this Motion, you must file a written response to this Motion with the Bankruptcy Court and serve a copy of it upon the Movant's attorney (or upon Movant, if the Motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of this Motion.

   b. ☐ This Motion is being heard on SHORTENED NOTICE.  If you wish to oppose this Motion, you must appear at the hearing. Any written response or evidence may be filed and served:
      ☐ at the hearing    ☐ at least _____ court days before the hearing.
   (1) ☐ A Motion for Order Shortening Time was not required (according to the calendaring procedures of the assigned judge).
   (2) ☐ A Motion for Order Shortening Time was filed per Local Bankruptcy Rule 9075-1(b) and was granted by the Court and such motion and order have been or are being served upon the debtor and trustee, if any.
   (3) ☐ A Motion for Order Shortening Time has been filed and remains pending.  Once the Court has ruled on that Motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached Motion and the deadline for filing and serving a written opposition to the Motion.

4. You may contact the Bankruptcy Clerk's Office to obtain a copy of an approved court form for use in preparing your response *(Optional Court Form F 4001-1M.RES)*, or you may prepare your response using the format required by Local Bankruptcy Rule 9004-1 and the Court Manual.

*U.S. Bank National Association, as trustee, on behalf of the holders of the Home Equity
Asset Trust 2006-2 Home Equity Pass-Through Certificates, Series 2006-2

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                                      **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 2 of* ____    **F 4001-1M.RP**

| In re | (SHORT TITLE) | | CHAPTER: 7 |
|---|---|---|---|
| Lian Khong Choong aka Thomas Tran dba CNB Services | | Debtor(s). | CASE NO.: 2:08-bk-24818-BR |

5. If you fail to file a written response to the Motion or fail to appear at the hearing, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Dated: 3/31/09

The Wolf Firm
*Print Law Firm Name (if applicable)*

Alan Steven Wolf                         /s/ Alan Steven Wolf
*Print Name of Individual Movant or Attorney for Movant*    *Signature of Individual Movant or Attorney for Movant*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

January 2009                                                                 **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 3 of* ____   **F 4001-1M.RP**

| In re | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| Lian Khong Choong aka Thomas Tran dba CNB Services | Debtor(s). | CASE NO.: 2:08-bk-24818-BR |

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY
### (MOVANT: U.S. Bank National Association* )

1. **The Property at Issue:** Movant moves for relief from the automatic stay with respect to following real property (the "Property"):

    *Street Address:* 16002 Peppertree Lane
    *Apartment/Suite No.:*
    *City, State, Zip Code:* La Mirada, CA 90638

    Legal description or document recording number (including county of recording):

    ☒ See attached continuation page.

2. **Case History:**
    a. ☒ A voluntary   ☐ An involuntary   petition under Chapter   ☐ 7  ☐ 11  ☐ 12  ☒ 13
       was filed on *(specify date)*: 9/12/08
    b. ☒ An Order of Conversion to Chapter   ☒ 7  ☐ 11  ☐ 12  ☐ 13
       was entered on *(specify date)*: 10/9/08
    c. ☐ Plan was confirmed on *(specify date)*:
    d. ☒ Other bankruptcy cases affecting this Property have been pending within the past two years. See attached Declaration.

3. **Grounds for Relief from Stay:**
    a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant the requested relief from stay as follows:
       (1) ☐ Movant's interest in the Property is not adequately protected.
           (a) ☐ Movant's interest in the collateral is not protected by an adequate equity cushion.
           (b) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.
           (c) ☐ No proof of insurance re Movant's collateral has been provided to Movant, despite borrower(s)'s obligation to insure the collateral under the terms of Movant's contract with Debtor(s).
           (d) ☐ Payments have not been made as required by an Adequate Protection Order previously granted in this case.
       (2) ☒ The bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.
           (a) ☐ Movant is the only creditor or one of very few creditors listed on the master mailing matrix.
           (b) ☐ Non-individual entity was created just prior to bankruptcy filing for the sole purpose of filing bankruptcy.
           (c) ☐ The Debtor(s) filed what is commonly referred to as a "face sheet" filing of only a few pages consisting of the Petition and a few other documents. No other Schedules or Statement of Affairs (or Chapter 13 Plan, if appropriate) have been filed.
           (d) ☒ Other (See attached continuation page).

*(Continued on next page)*

*U.S. Bank National Association, as trustee, on behalf of the holders of the Home Equity Asset Trust 2006-2 Home Equity Pass-Through Certificates, Series 2006-2

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

January 2009

**F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 4 of* ___       **F 4001-1M.RP**

| In re | (SHORT TITLE) | | CHAPTER: 7 |
|---|---|---|---|
| Lian Khong Choong aka Thomas Tran dba CNB Services | | Debtor(s). | CASE NO.: 2:08-bk-24818-BR |

    (3) ☐ *(Chapter 12 or 13 cases only)*

        (a) ☐ Postconfirmation plan payments have not been made to the Standing Trustee.

        (b) ☐ Postconfirmation payments required by the confirmed plan have not been made to Movant.

    (4) ☐ For other cause for relief from stay, see attached continuation page.

b. ☐ Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor(s) has/have no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), Debtor(s) has/have failed within the later of 90 days after the petition or 30 days after the court determined that the Property qualifies as single asset real estate to file a reasonable plan of reorganization or to commence monthly payments.

d. ☒ Pursuant to 11 U.S.C. § 362(d)(4), Debtor's(s) filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved:

    (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

    (2) ☒ Multiple bankruptcy filings affecting the Property.

4. ☐ Movant also seeks annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).

5. **Evidence in Support of Motion:** *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto.)*

   a. ☒ Movant submits the attached Declaration(s) on the Court's approved forms (if applicable) to provide evidence in support of this Motion pursuant to Local Bankruptcy Rules.

   b. ☐ Other Declaration(s) are also attached in support of this Motion.

   c. ☐ Movant requests that the Court consider as admissions the statements made by Debtor(s) under penalty of perjury concerning Movant's claims and the Property set forth in Debtor(s)'s Schedules. Authenticated copies of the relevant portions of the Schedules are attached as Exhibit _____.

   d. ☐ Other evidence *(specify)*:

6. ☐ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following** *(specify forms of relief requested)*:

1. Relief from the stay allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. ☐ Annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).

3. ☒ Additional provisions requested:

   a. ☒ That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

   b. ☒ That the 10-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

   c. ☒ That Extraordinary Relief be granted as set forth in the Attachment *(attach Optional Court Form F 4001-1M.ER)*.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                        **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 5 of* ____ **F 4001-1M.RP**

| In re | (SHORT TITLE) | | CHAPTER: 7 |
|---|---|---|---|
| Lian Khong Choong aka Thomas Tran dba CNB Services | | Debtor(s). | CASE NO.: 2:08-bk-24818-BR |

    d.   ☐  For other relief requested, see attached continuation page.

4.   If relief from stay is not granted, Movant respectfully requests the Court to order adequate protection.

Dated: 3/31/09                                                    Respectfully submitted,

                                                                    U.S. Bank National Association*
                                                                    *Movant Name*

                                                                    The Wolf Firm
                                                                    *Firm Name of Attorney for Movant (if applicable)*

                                                          By:  /s/ Alan Steven Wolf
                                                                    *Signature*

                                                       Name:  Alan Steven Wolf
                                                                    *Typed Name of Individual Movant or Attorney for Movant*

\*U.S. Bank National Association, as trustee, on behalf of the holders of the Home Equity Asset Trust 2006-2 Home Equity Pass-Through Certificates, Series 2006-2

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                   **F 4001-1M.RP**

Motion for Relief from Stay - Page ____a of ____  **F 4001-1M.ER**

| In re<br>Lian Khong Choong | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| | Debtor(s). | CASE NO.: 2:08-bk-24818-BR |

## *(OPTIONAL)*
## EXTRAORDINARY RELIEF ATTACHMENT
**(MOVANT:** U.S. Bank National Association* **)**

*(This Attachment is the continuation page for Paragraph  3.c   of the Relief From Stay Motion)*

Based upon evidence of efforts by Debtor(s) or others acting in concert with Debtor(s) to delay, hinder or defraud Movant by abusive bankruptcy filings or otherwise, Movant also asks that the Order include the following provisions:

1. ☒ That the Order be binding and effective in any bankruptcy case commenced by or against the above-named Debtor(s) for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

2. ☒ That the Order be binding and effective in any bankruptcy case commenced by or against any successors, transferees, or assignees of the above-named Debtor(s) for a period of 180 days from the hearing of this Motion
   ☐ without further notice.
   ☒ upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

3. ☒ That the Order be binding and effective in any bankruptcy case commenced by or against any Debtor(s) who claim(s) any interest in the Property for a period of 180 days from the hearing of this Motion
   ☐ without further notice.
   ☒ upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

4. ☒ That the Order be binding and effective in any future bankruptcy case, no matter who the Debtor(s) may be
   ☐ without further notice.
   ☒ upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

5. ☒ That the Debtor(s) be enjoined from transferring all or any portion of the Property for a period of 180 days from the hearing of this Motion, and any transfer in violation of this Order be deemed void.

6. ☐ That the Sheriff or Marshal may evict the Debtor(s) and any other occupant from the subject Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing of this Motion
   ☐ without further notice.
   ☐ upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

7. ☒ Other *(specify)*:
   That the order be binding and effective in any other case under the Bankruptcy Code purporting to affect the subject real property filed not later than two years after the date of entry, upon recording a copy of the order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law, except that a debtor in subsequent case may move for relief from the order based upon good cause shown after notice and hearing.

*U.S. Bank National Association, as trustee, on behalf of the holders of the Home Equity Asset Trust 2006-2 Home Equity Pass-Through Certificates, Series 2006-2

*Revised May 2004*    **F 4001-1M.ER**

This form is OPTIONAL TO THE JUDGE and may only be used if the judge to whom the case has been assigned allows such extraordinary relief to be requested by motion. Many judges require the filing of an adversary proceeding to obtain some or all of these forms of relief.

Motion for Relief from Stay (Real Property) - *Page 6 of* ____           F 4001-1M.RP

| In re | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| Lian Khong Choong aka Thomas Tran dba CNB Services | Debtor(s). | CASE NO.: 2:08-bk-24818-BR |

# REAL PROPERTY DECLARATION
### (MOVANT: U.S. Bank National Association* )

I, Jo Ann Goldman , declare as follows:
*(Print Name of Declarant)*

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion ("Property") because *(specify)*:

   ☐ I am the Movant and owner of the Property.

   ☐ I manage the Property as the authorized agent for the Movant.

   ☐ I am employed by Movant as *(state title and capacity)*:

   ☒ Other *(specify)*:
   I am employed by Select Portfolio Servicing, Inc., servicing agent for Movant

2. I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor(s) concerning the Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the Court if required.

3. a. The address of the Property that is the subject of this Motion is:

   *Street Address:* 16002 Peppertree Lane
   *Apartment/Suite No.:*
   *City, State, Zip Code:* La Mirada, CA 90638

   b. The legal description or document recording number (including county of recording) set forth in Movant's Deed of Trust is attached as Exhibit _____.

   ☒ See attached page.

4. Type of property *(check all applicable boxes)*:
   a. ☐ Debtor's(s') principal residence    b. ☒ Other single family residence
   c. ☐ Multi-unit residential              d. ☐ Commercial
   e. ☐ Industrial                          f. ☐ Vacant land
   g. ☐ Other *(specify)*:

*(Continued on next page)*

*U.S. Bank National Association, as trustee, on behalf of the holders of the Home Equity Asset Trust 2006-2 Home Equity Pass-Through Certificates, Series 2006-2

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                F 4001-1M.RP

Motion for Relief from Stay (Real Property) - *Page 7 of* ____  **F 4001-1M.RP**

| In re | (SHORT TITLE) | | CHAPTER: 7 |
|---|---|---|---|
| Lian Khong Choong aka Thomas Tran dba CNB Services | | Debtor(s). | CASE NO.: 2:08-bk-24818-BR |

5. Nature of Debtor's(s') interest in the Property:

   a. ☐ Sole owner

   b. ☐ Co-owner(s) *(specify)*:

   c. ☒ Lien holder *(specify)*:   Debtor is doing business as CNB Services which is one of several beneficiaries on a junior DOT.

   d. ☐ Other *(specify)*:

   e. ☒ Debtor(s)   ☐ did   ☒ did not   list the Property in the Schedules filed in this case.

   f. ☒ Debtor(s) acquired the interest in the Property by   ☐ grant deed   ☐ quitclaim deed   ☒ trust deed

   The deed was recorded on:  9/8/08 - See Exhibit "5"

6. Amount of Movant's claim with respect to the Property:

   | | | PREPETITION | POSTPETITION | TOTAL |
   |---|---|---|---|---|
   | a. | Principal: | $ | $ | $ 559,794.03 |
   | b. | Accrued Interest: | $ | $ | $ 78,572.76 |
   | c. | Late Charges: | $ | $ | $ 582.65 |
   | d. | Costs (Attorney's Fees, Other Costs): | $ | $ | $ 2,397.19 |
   | f. | Advances (Property Taxes, Insurance): | $ | $ | $ 0.00 |
   | g. | TOTAL CLAIM as of 3/19/09: | $ | $ | $ 641,346.63 |

   h. ☐ Loan is all due and payable because it matured on *(specify date)*:

7. Movant holds a  ☒ deed of trust   ☐ judgment lien   ☐ other *(specify)*   that encumbers the Property.

   a. A true and correct copy of the document as recorded is attached as Exhibit 7.
   b. A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached as Exhibit 8.
   c. ☒ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of trust to Movant is attached as Exhibit 9.

8. Status of Movant's claim relating to the Property *(fill in all applicable information requested below)*:

   a. Current interest rate:
   b. Contractual maturity date: 12/1/35
   c. Amount of current monthly payment: $ 3,848.58
   d. Number of PREPETITION payments that have come due and were not made: 14. Total amount: $ 52,993.83
   e. Number of POSTPETITION payments that have come due and were not made: 6. Total amount: $ 23,301.42
   f. Date of POSTPETITION default:
   g. Last payment received on the following date:
   h. Notice of default recorded on the following date: 11/7/07
   i. Notice of sale recorded on the following date: 5/8/08
   j. Foreclosure sale originally scheduled for the following date: 6/4/08
   k. Foreclosure sale currently scheduled for the following date:
   l. Foreclosure sale already held on the following date:
   m. Trustee's deed on sale already recorded on the following date:
   n. Future payments due by time of anticipated hearing date *(if applicable)*: 1
      An additional payment of $ 3,848.58 will come due on 4/1/09, and on the 1st day of each month thereafter. If the payment is not received by the _____ day of the month, a late charge of $_____ will be charged to the loan.

9. Attached hereto as Exhibit _____ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor(s) since the petition date.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 8 of* ____    F 4001-1M.RP

| In re | (SHORT TITLE) | | CHAPTER: 7 |
|---|---|---|---|
| Lian Khong Choong aka Thomas Tran dba CNB Services | | Debtor(s). | CASE NO.: 2:08-bk-24818-BR |

10. ☐ *(Chapter 7 and 11 cases only)*: The fair market value of the entire Property is $_____, established by:
   a. ☐ Appraiser's declaration with appraisal attached herewith as Exhibit _____.
   b. ☐ A real estate broker or other expert's declaration regarding value attached as Exhibit _____.
   c. ☐ A true and correct copy of relevant portion(s) of Debtor's(s') Schedules attached as Exhibit _____.
   d. ☐ Other *(specify)*:

11. ☐ The fair market value of the Property is declining based on/due to: _____

12. ☐ **Calculation of equity in Property:**
   a. Based upon  ☐ preliminary title report    ☐ Debtor's(s') admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

   | | **Name of Holder** | **Amount as Scheduled by Debtor(s) (if any)** | **Amount Known to Declarant and Source** |
   |---|---|---|---|
   | 1st Deed of Trust: | | | |
   | 2nd Deed of Trust: | | | |
   | 3rd Deed of Trust: | | | |
   | Judgment Liens: | | | |
   | Taxes: | | | |
   | Other: | | | |
   | **TOTAL DEBT:** | **$** | | |

   b. Evidence establishing the existence of the above deed(s) of trust and lien(s) is attached as Exhibit _____, and consists of:
      ☐ Preliminary title report
      ☐ Relevant portions of Debtor's(s') Schedules as filed in this case
      ☐ Other *(specify)*:
   c. Subtracting the deed(s) of trust and other lien(s) set forth above from the value of the Property as set forth in Paragraph 10 above, the Debtor's(s') equity in the Property is $_____ (§ 362(d)(2)(A)).
   d. The value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant is $_____ (§ 362(d)(1)).
   e. Estimated costs of sale: $_____ (Estimate based upon _____% of estimated gross sales price)

13. ☐ *(Chapter 12 and 13 cases only)* Chapter 12 or 13 case status information:

   a. 341(a) Meeting currently scheduled for (or concluded on) the following date:
      Confirmation hearing currently scheduled for (or concluded on) the following date:
      Plan confirmed on the following date *(if applicable)*:
   b. Postpetition/preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

      *(Number of)* _____ payment(s) due at $_____ each  =  $_____
      *(Number of)* _____ payment(s) due at $_____ each  =  $_____
      *(Number of)* _____ late charge(s) at  $_____ each  =  $_____
      *(Number of)* _____ late charge(s) at  $_____ each  =  $_____

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*    F 4001-1M.RP

Motion for Relief from Stay (Real Property) - *Page 9 of* ____    **F 4001-1M.RP**

| In re | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| Lian Khong Choong aka Thomas Tran dba CNB Services | Debtor(s). | CASE NO.: 2:08-bk-24818-BR |

    c.   Postpetition/preconfirmation advances or other charges due but unpaid:    $_____
        (See attachment for details of type and amount.)

        **TOTAL POSTPETITION/PRECONFIRMATION DELINQUENCY:**   $_____

    d.   Postconfirmation payments due BUT REMAINING UNPAID since plan confirmation *(if applicable)*:

        *(Number of)* _____ payment(s) due at $_____ each = $_____
        *(Number of)* _____ payment(s) due at $_____ each = $_____
        *(Number of)* _____ late charge(s) at $_____ each = $_____
        *(Number of)* _____ late charge(s) at $_____ each = $_____

    e.   Postconfirmation advances or other charges due but unpaid:   $_____
        (See attachment for details of type and amount.)

        **TOTAL POSTCONFIRMATION DELINQUENCY:**   **$**_____

    f.  ☐  The claim is provided for in the Chapter 12 or 13 Plan. Plan payment history is attached as Exhibit _____.

    g.  ☐  See attached Declaration(s) of Chapter 12 or 13 Trustee regarding receipt of payments under the plan *(attach Court Form F 4001-1M.13)*.

14. ☐  Movant has not been provided with evidence that the Property is currently insured, as required under the terms of the loan.

15. ☐  The court determined that the Property qualifies as single asset real estate on _____. More than 90 days have passed since the filing of the petition, more than 30 days have passed since the court determined that the Property qualifies as single asset real estate, the Debtor(s) has/have not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time or the Debtor(s) has/have not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

16. ☒  See attached continuation page for facts establishing that the bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.

17 ☒  The filing of the petition was part of a scheme to delay, hinder and defraud creditors that involved:

    a.  ☐  The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

    b.  ☒  Multiple bankruptcy filings affecting the Property. The multiple bankruptcy filings include the following cases:
        1.  Case Name: 1-Dreamworks Group
            Case Number: 08-10509     Chapter: 7
            Date Filed: 2/4/08     Date Dismissed: 4/23/08     Date Discharged:
            Relief from stay re this property  ☐ was  ☒ was not  granted.
        2.  Case Name: Oscar Medrano dba Nu West Funding
            Case Number: 08-17424     Chapter: 13
            Date Filed: 5/28/08     Date Dismissed:     Date Discharged:
            Relief from stay re this property  ☐ was  ☐ was not  granted.
        3.  ☒  See attached continuation page for more information about other bankruptcy cases affecting the Property.

☒  See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, and defraud creditors.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*                                              **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 10 of ___*     **F 4001-1M.RP**

| In re | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| Lian Khong Choong aka Thomas Tran dba CNB Services | Debtor(s). | CASE NO.: 2:08-bk-24818-BR |

18. ☐ Movant seeks annulment of the automatic stay so that the filing of the bankruptcy petition does not affect any and all of the enforcement actions set forth in paragraph 8 above that were taken after the filing of the bankruptcy petition in this case.

   a. ☐ These actions were taken by Movant without knowledge of the bankruptcy filing, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. ☐ Although Movant knew about the bankruptcy filing, Movant had previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting this Property as set forth in paragraph 17(b) above.

   c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on _March 24_, 2009, at _Salt Lake City, Utah_ (city, state).

Jo Ann Goldman
*Print Declarant's Name*

*Signature of Declarant*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                        **F 4001-1M.RP**

**CONTINUATION PAGE FOR FACTS ESTABLISHING THAT THE BANKRUPTCY CASE WAS FILED IN BAD FAITH TO DELAY, HINDER OR DEFRAUD MOVANT**

This case was filed in bad faith and for the sole purpose of thwarting Movant's foreclosure proceedings. This is at least the third case filed out of four known to Movant.

1. On December 1, 2005, AROONRASAMEE SAKOLPAS made and delivered to LIME FINANCIAL SERVICES, LTD, as payee, a Promissory Note secured by a Deed of Trust in the principal sum of $560,000 with the Note all due and payable on December 1, 2035. The Note and Deed encumber real property commonly known as 16002 Peppertree Lane, La Mirada, CA 90638 ("Property").

2. There was a default under the terms of the Note and Deed of Trust and on November 7, 2007, Movant caused to be recorded a Notice of Default and Election to Sell.

3. On February 4, 2008, two short form deeds of trust were recorded against the subject property. One listed Nexus Pointe, Best CO Investments and 1-Dreamworks Group as beneficiaries, a true and correct copy of which is attached as Exhibit "1" and incorporated herein by reference. The other listed Option Financial, Nu West Funding and Invesco Pointe as beneficiaries, a true and correct copy of which is attached as Exhibit "2" and incorporated herein by reference.

4. On February 4, 2008, the same day the above referenced short form deeds of trust were recorded, 1-Dreamworks Group filed a Chapter 7 in the Santa Ana division of this court, case number 08-10509. The case was dismissed on April 23, 2008 and closed on May 5, 2008. A true and correct copy of the docket reflecting this information is attached as Exhibit "3" and incorporated herein by reference.

5. Upon receipt of the closing documents of the above referenced case, Movant proceeded with its foreclosure. On May 8, 2008, Movant caused to be recorded a Notice of Sale which set a sale for June 4, 2008.

6. On May 28, 2008, one week prior to Movant's duly noticed trustee sale, Oscar Medrano dba Nu West Funding filed a Chapter 13 with this Court, case number 08-17424. The case was converted to one under Chapter 7 on June 27, 2008. The case remains open and pending. A true and correct copy of the docket reflecting this information is attached as Exhibit "4" and incorporated herein by reference.

7. On September 8, 2009, another short form deed of trust was recorded against the subject property which listed Ameriprise Services, Best CO Investments, Nexus Pointe, Centero Group and CNB Services all as beneficiaries. A true and correct copy of this deed is attached as Exhibit "5" and incorporated herein by reference.

8. On September 12, 2008, 4 days after the above referenced short form deed of trust was recorded, Lian Khong Choong dba CNB Services filed the instant bankruptcy case with this court.

9. On February 5, 2009, Enriqueta Black dba Nexus Pointe filed a Chapter 13 in the San Fernando Valley division of this court, case number 09-11242. The case converted to one under Chapter 7 on March 10, 2009. The case remains open and pending. A true and correct copy of the docket reflecting this information is attached as Exhibit "6" and incorporated herein by reference.

10. It is clear that the multiple bankruptcy filings are being done in bad faith and for the sole purpose of thwarting Movant's foreclosure proceedings.

**CONTINUATION PAGE FOR 17.b.3. – INFORMATION ON PRIOR CASES**

3.     Case Name:        Enriqueta Black dba Nexus Pointe
      Case Number:     1:09-bk-11242-MT
      Chapter:            13
      Date Filed:        2/5/09
      Converted:        3/10/09 to Chapter 7
      Dismissed:        The case remains open and pending.
      Relief from Stay:  not applicable